[Civ. No. 9314.  First Appellate District, Division Two.—February 7, 1934.]

DOUGLAS MacLEAN PRODUCTIONS (a Corporation), Respondent, v. WARNER BROS. PICTURES, INC. (a Corporation), Appellant.

Freston & Files and Ralph E. Lewis for Appellant.

Harold E. Thomas for Respondent.

NOURSE, P. J.—Plaintiff sued on a written contract. The cause was tried before the court sitting without a jury and the plaintiff had judgment for $5,000, from which the defendant appeals on typewritten transcripts.

Both parties to the agreement were motion picture producers. In the summer of 1929 negotiations were had concerning the purchase by the defendant of certain literary rights of the plaintiff. On October 31st of that year plaintiff made a written offer to defendant, which was duly accepted by the latter and which reads: "FOR AND IN CONSIDERATION of the sum of Five Thousand ($5,000) Dollars to be paid to Douglas MacLean Productions on or before February 15, 1930, by Warner Bros. Pictures, Inc., the said Douglas MacLean Productions, a corporation organized and existing under and pursuant to the laws of the State of California, hereby assigns all of its right, title and interest in and to that certain contract dated December 21, 1923, by and between Shubert Theatrical Company and Douglas MacLean Productions for the purchase of that certain original play entitled 'NEVER–SAY–DIE', a copy of which agreement is hereto attached.

"SUBJECT TO the rights of Pathe, Inc., as distributor of said motion picture, which rights the said Douglas MacLean Productions is exerting its greatest efforts to secure;

"In the event said rights are not secured on or before the 15th day of February, 1930, this assignment shall be of no further force and effect unless the time in which to secure them is mutually extended by the parties hereto.

"(Seal)          DOUGLAS MACLEAN PRODUCTIONS

"By WALTER E. BURKE

"Vice President"

Conformably to the terms of its agreement the plaintiff procured a release of all the distributor's rights of Pathe, Inc., subject, however, to outstanding foreign rights. On February 10, 1930, plaintiff notified defendant that "everything has been cleared", but that if anything further was required by the defendant to be done the plaintiff stood ready to supply any document or perform any act necessary to carry out the full and complete terms of the agreement. Nothing further was requested by the defendant and no indication was given that it deemed plaintiff's performance incomplete but, after the payment became due, the defendant sought relief from its obligation on the asserted ground that plaintiff had failed in complete performance in that the release of the distributor's rights for Pathe, Inc., was not in writing, that it did not include the rights of foreign distributors and that plaintiff had failed to deliver negatives of the picture.

■ The trial court found with the plaintiff on all disputed points. The defendant offered no evidence of any character in support of its defense. Hence the single question presented on this appeal is whether the evidence and the inferences deducible therefrom support the findings.

Evidence of the release from Pathe, Inc., was in the form of a telegram signed by one Flynn. Testimony was received that Flynn was an officer of the Pathe Company. This was confirmed by a letter signed by the same individual on a printed letter-head of the company bearing the inscription, "Pathe Exchange, Inc. Executive offices." From this evidence the court could infer that the officer was acting with proper authority.

The contract did not specifically call for the release of the rights of foreign distributors, but it called for the release of "the rights of Pathe, Inc., as distributor". The reservation in the assignment as to foreign rights might have been nothing more than a notice to the assignee that such rights were extant. There is nothing in the evidence to show that Pathe, Inc., had any interest in such foreign rights. It is a fair inference from all the evidence that plaintiff cleared all the rights of Pathe as distributor within the agreement of the parties to the contract.

The only reference to the inclusion of negatives in the contract is in a separate letter addressed to defendant on

the same day the contract was made. If plaintiff was thus obligated to deliver negatives or to tender delivery, it is manifest that a tender would have been idle after defendant had repudiated the contract before such tender was due.

There are no questions of law presented on the appeal. It is simply a trial *de novo* upon the same evidence heard in the trial court. On that evidence the trial court found that the excuses offered by the defendant for its noncompliance with the terms of the contract were not valid. We find no error in the record.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 5, 1934.